IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. CALIHAN,

    Plaintiff,                    No. 2:12-cv-2937 MCE EFB P

    vs.

MATTHEW CATE, et al.,

    Defendants.                  ORDER

_____/

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for appointment of counsel. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

    Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 3. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

The complaint names as defendants Matthew Cate, William Knipp, and D. Minnatee (Appeals Coordinator).  The complaint's "Statement of Claim" consists of the following:

> On 03-30-2010, plaintiff requested a DRB-transfer from CSP-Corcoran's (PHU) Protective Housing Unit (to) Mule Creek State Prison SNY Facility which was granted on: 10-2010.  Plaintiff arrived at Mule Creek State Prison on: 12-16-2010, as the plaintiff has severe safety concerns.  On the date of 09-16-2011 plaintiff was placed in Admin Seg Unit (ASU) on total false allegations plaintiff made written threats on staff.  Plaintiff received no Rules Violation Report, but was put up on a non-adverse transfer but in the meantime – pending transfer – plaintiff was a victim of a attempted murder, as staff were aware plaintiff has safety concerns.  All Defendants were part of the illegal tactics to transfer plaintiff, which did take place on the date of: 05-08-2012.

Dckt. No. 1, § III.  Plaintiff seeks damages and declaratory relief.  *Id.* § IV.

The allegations in the complaint are too vague and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id*.  Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed.  The

1  court will, however, grant leave to file an amended complaint. Although the complaint does not
2  identify any claims for relief, plaintiff is hereby informed of the following legal standards that
3  may be applicable to his intended claim or claims:
4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
6  the alleged violation was committed by a person acting under the color of state law. *West v.*
7  *Atkins*, 487 U.S. 42, 48 (1988).
8      An individual defendant is not liable on a civil rights claim unless the facts establish the
9  defendant's personal involvement in the constitutional deprivation or a causal connection
10 between the defendant's wrongful conduct and the alleged constitutional deprivation. *See*
11 *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th
12 Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the
13 unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948
14 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions,
15 has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible
16 claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
17 2009).
18     There are no constitutional requirements regarding how a grievance system is operated.
19 *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss
20 of a liberty interest in the processing of his appeals does not violate due process because
21 prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus,
22 plaintiff may not impose liability on a defendant simply he or she played a role in processing
23 plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an
24 administrative "grievance procedure is a procedural right only, it does not confer any substantive
25 right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the
26 procedural protections envisioned by the fourteenth amendment . . . . Thus, defendants' failure

4

1  to process any of Buckley's grievances, without more, is not actionable under section 1983."
2  (internal quotations omitted)).

3        To state a claim for violation of the right to procedural due process, plaintiff must allege
4  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and
5  (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.
6  2003). State regulations may create a liberty interest in avoiding restrictive conditions of
7  confinement if those conditions "present a dramatic departure from the basic conditions of [the
8  inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

9        In the context of a disciplinary proceeding where a liberty interest is at stake, due process
10 requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.
11 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary
12 charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to
13 call witnesses and present documentary evidence in his defense; and (3) a written statement by
14 the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454
15 (citing *Wolff*, 418 U.S. at 563-67).

16       Prisoners have no liberty interest in avoiding being transferred to another prison. *See*
17 *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976);
18 *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no
19 justifiable expectation" that they will be incarcerated in any particular prison, and transferring
20 an inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245;
21 *Vitek v. Jones*, 445 U.S. 480, 489 (1980).

22       The Eighth Amendment protects prisoners from inhumane methods of punishment and
23 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
24 2006). Under the Eighth Amendment, "prison officials have a duty to protect prisoners from
25 violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal
26 quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one

prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, plaintiff is hereby informed that because this case is only in the pleading stage, he need not prove his claims with evidence at this time. At this stage, plaintiff is only required to provide notice of his claim through "a short and plain statement." Fed. R. Civ. P. 8(a). By

6

inundating the court with evidence/exhibits at this stage in the proceedings, plaintiff only burdens the court, confuses the records, and delays his lawsuit. If this action proceeds to a point where submission of evidence is appropriate, for example, summary judgment or trial, plaintiff will have the opportunity to submit necessary evidence. But in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel (Dckt. No. 10) is denied.

4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: March 11, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE