1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH R. CALIHAN,

11           Plaintiff,                    No. 2:12-cv-2937 MCE EFB P

12      vs.

13   MATTHEW CATE, et al.,                 ORDER GRANTING IFP & DISMISSING
                                           COMPLAINT WITH LEAVE TO AMEND
14           Defendants.

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended

18   complaint.

19        Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

22   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

23   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

24   relief."  *Id.* § 1915A(b).

25   ////

26   ////

1

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's complaint must be dismissed for failure to comply with Rule 8 and failure to state a claim.  Plaintiff alleges that defendant Knipp failed to protect him from an attack by another inmate in violation of the Eighth Amendment.  However, plaintiff does not make any request for relief.  Rule 8(a) requires a complaint to contain a demand for judgment for the relief sought.  Plaintiff has failed to meet this basic pleading requirement.

////

1        The court previously informed plaintiff of the requirements for stating an Eighth

2  Amendment failure to protect claim.  Specifically, the court informed plaintiff under the Eighth

3  Amendment, "prison officials have a duty to protect prisoners from violence at the hands of

4  other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks,

5  ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the

6  hands of another . . . translates into constitutional liability for prison officials responsible for the

7  victim's safety." *Id.* at 834.  A prison official may be held liable for an assault suffered by one

8  inmate at the hands of another only where the assaulted inmate can show that the injury is

9  sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the

10  prison official was deliberately indifferent to the risk of harm, *id.* at 837.  That is, the defendant

11  must have known that the inmate faced a substantial risk of serious harm, and must have also

12  disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S. at 847.

13        The court also informed plaintiff that an individual defendant is not liable on a civil

14  rights claim unless the facts establish the defendant's personal involvement in the constitutional

15  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

16  constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.

17  Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

18        Plaintiff alleges that he was seriously injured when he was attacked by another inmate on

19  December 9, 2011.  He further alleges that defendant Knipp was aware of a serious threat to

20  plaintiff's safety.  According to plaintiff, Knipp failed to protect plaintiff from the attack.

21  However, plaintiff fails to allege how Knipp failed to protect him.  That is, plaintiff does not

22  allege that an act or omission by Knipp caused the alleged attack.  Plaintiff does not plead any

23  facts showing how Knipp was personally involved in the alleged deprivation of plaintiff's rights.

24  As drafted, the complaint fails to establish Knipp's personal involvement or a causal connection

25  between Knipp's conduct and the alleged constitutional deprivation.

26  ////

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

////

////

1    Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to

2 amend within 30 days.  The amended complaint, which shall not exceed the scope of this order,

3 must bear the docket number assigned to this case and be titled "Second Amended Complaint."

4 Failure to comply with this order may result in a recommendation that this action be dismissed.

5 Dated:  May 22, 2013.

6

7                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26