1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH R. CALIHAN,

11              Plaintiff,                    No. 2:12-cv-2937-MCE-EFB P

12        vs.

13   MATTHEW CATE, et al.,                    ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
14              Defendants.

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  After two dismissals pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second

18   amended complaint.

19   **I.        Screening Requirement and Standards**

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26   /////

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order & Recommendation**

The court has reviewed plaintiff's complaint and for the limited purposes of § 1915A screening and liberally construed, finds that it states a potentially cognizable Eighth Amendment claim against defendant Warden Knipp for failing to protect plaintiff from being attacked by another inmate on December 9, 2011.

/////

1    The complaint does not, however, state cognizable claims against defendants Kaplan or

2 Barroga, and the court recommends that these defendants be dismissed without leave to amend.

3 Plaintiff alleges that defendants Kaplan and Barroga violated his Eighth Amendment rights

4 because they were drinking coffee while the staff that they supervised failed to use metal

5 detectors to check inmates for metal contraband on the day that plaintiff was attacked.

6 Twice now, the court has informed plaintiff that to demonstrate deliberate indifference for an

7 Eighth Amendment claim, his allegations must demonstrate that the defendant knew he faced a

8 substantial risk of serious harm, and also disregarded that risk by failing to take reasonable

9 measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Plaintiff does not plead

10 facts demonstrating that these defendants knew plaintiff faced a substantial risk of serious harm,

11 and that they also disregarded that risk by failing to take reasonable measures to abate it.  In fact,

12 plaintiff's allegations against defendant Warden Knipp, against whom plaintiff has stated a

13 potentially cognizable claim, demonstrate that defendants Kaplan and Barroga did not know of a

14 substantial risk of harm to plaintiff.   *See* ECF No. 17 at 1 (alleging that defendant Knipp failed

15 to notify his staff that plaintiff "had valid safety-protective custody concerns").  Thus, the

16 allegation that defendants Kaplan and Barroga were drinking coffee instead of directly

17 supervising their staff, fail to state a cognizable claim for relief under the Eighth Amendment.

18    Further, plaintiff has not stated a claim based upon his allegation that the staff that

19 defendants Kaplan and Barroga supervised should have used metal detectors on the date plaintiff

20 was attacked.  There are no allegations showing that any prison official deliberately failed to use

21 metal detectors for the purpose of causing plaintiff harm, or that the failure to use metal detectors

22 contributed in any way to plaintiff being attacked.  Moreover, the court has previously informed

23 plaintiff that he may not sue any official on the theory that the official is liable for the

24 unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

25 (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions,

26 has violated the Constitution.  *Id.*  Plaintiff has not alleged facts to show that either defendant

1   Kaplan or Barroga, through their own actions, violated plaintiff's constitutional rights.  Despite

2   notice of the relevant legal standards, and two opportunities to amend, plaintiff fails to plead a

3   cognizable claim for relief against defendants Kaplan and Barroga.

4         Accordingly, plaintiff may proceed against defendant Knipp only, and claims against

5   defendants Kaplan and Barroga should be dismissed without leave to amend.  *See Lopez v.*

6   *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

7   only required to grant leave to amend if a complaint can possibly be saved. Courts are not

8   required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United*

9   *States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if

10  no request to amend the pleading was made, unless it determines that the pleading could not be

11  cured by the allegation of other facts.").

12        Accordingly, IT IS HEREBY ORDERED that:

13        1.  The allegations in the pleading are sufficient at least to state a potentially cognizable

14  Eighth Amendment claims against defendant Knipp.  *See* 28 U.S.C. § 1915A.

15        2.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an

16  instruction sheet and one copy of the June 24, 2013 second amended complaint.

17        3.  Within 30 days from service of this order, plaintiff shall complete the attached Notice

18  of Submission of Documents and submit it to the court with the completed summons and USM-

19  285 form and two copies of the endorsed June 24, 2013 second amended complaint.

20        4.  Upon receipt of the necessary materials, the court will direct the United States

21  Marshal to serve defendant pursuant to Federal Rule of Civil Procedure 4 without payment of

22  costs.  Failure to comply with this order may result in this action being dismissed.

23        Further, IT IS HEREBY RECOMMENDED that claims against defendants Kaplan and

24  Barroga be dismissed for failure to state a claim upon which relief may be granted.

25        These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7                              FOR THE EASTERN DISTRICT OF CALIFORNIA

8    KENNETH R. CALIHAN,

9              Plaintiff,                              No. 2:12-cv-2937-MCE-EFB P

10         vs.

11   MATTHEW CATE, et al.,

12             Defendants.                    NOTICE OF SUBMISSION OF DOCUMENTS

13   _____/

14         Plaintiff hereby submits the following documents in compliance with the court's

15   Screening Order:

16              ___1___       completed summons form

17              ___1___       completed forms USM-285

18              ___2___       copies of the endorsed June 24, 2013 second amended complaint

19

20   Dated:

21                                      _____
                                                     Plaintiff
22

23

24

25

26